of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**XIU FANG ZHENG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

**No. 07–5763–ag.**

United States Court of Appeals, Second Circuit.

Oct. 20, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Carl H. McIntyre Jr., Assistant Director; Justin R. Markel, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: DENNIS JACOBS, Chief Judge and ROGER J. MINER, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner, Xiu Fang Zheng, a native and citizen of the People's Republic of China, seeks review of a December 3, 2007 order of the BIA denying her motion to reopen her removal proceedings and affirming the August 26, 2004 decision of immigration judge ("IJ") Roxanne C. Hladylowycz denying Zheng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Fang Zheng*, No. A 079 408 005 (B.I.A. Dec. 3, 2007), *aff'g* A 079 408 005 (Immig. Ct. N.Y. City Aug. 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, Zheng requests that this Court take administrative notice of the U.S. Department of State's 2006 and 2007 Country Reports on Human Rights Practices for China. We deny that request. *See* 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269–70 (2d Cir.2007).

## I. Asylum, Withholding of Removal, and CAT Relief

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S.*

Dep't of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

Zheng argues that she demonstrated a well-founded fear of persecution based on her practice of Falun Gong because the Chinese government is aware of her practice and the U.S. Department of State's 2002 Country Report on Human Rights Practices for China indicates that the Chinese government engages in a "harsh and comprehensive campaign" against Falun Gong practitioners.[2] We find no error, however, in the agency's denial of her asylum application. The BIA properly found that police have not visited her parents' home to look for her since October 2001 and that her parents were never harmed or threatened during their encounters with police. Although the Department of State report indicates that some Falun Gong practitioners are subject to severe mistreatment, the report also indicates that an individual's treatment correlates with the level of participation. Zheng's participation in Falun Gong in China was limited; the government has not expressed an interest in her in more than six years; and her parents were not harmed or threatened in their prior encounters with police. The record thus supports the BIA's finding that Zheng did not establish a well-founded fear of persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005) (per curiam) (holding that, absent solid support in the record for the petitioner's assertion that he would be persecuted, his fear was "speculative at best").[3]

---

**2.** Because Zheng failed to challenge the IJ's finding that she did not demonstrate past persecution either before the BIA or this Court, we deem any such challenge abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

**3.** Contrary to the government's argument, Zheng has never made a pattern or practice claim.

Because Zheng was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief because the three claims rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir.2006) (holding that torture is "something more severe than the kind of treatment that would suffice to prove persecution").

## II. Motion to Reopen

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (per curiam). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not abuse its discretion in denying Zheng's motion to reopen because she failed to demonstrate her *prima facie* eligibility for relief. We have previously reviewed the BIA's consideration of evidence similar to the evidence Zheng submitted, and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 171 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Nothing in the record compels us to conclude that the BIA ignored the evidence Zheng submitted or the arguments she made, evidence and arguments the BIA is asked to consider time and again. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006). Contrary to Zheng's assertion, the BIA did not abuse its discretion when it discounted the significance of a document purporting to be a 2006 notice issued by the Fujian Province family planning authorities; the document bears fax dates from 2001 and 2005. *See id.* at 342 (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).